IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Cedric Lamar Brown, | ) | Civil Action No.: 4:12-cv-02393-RBH |
| | ) | Criminal No.: 4:05-cr-01300-RBH-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court is Cedric Lamar Brown's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

**Procedural History and Factual Background**

On December 13, 2005, a federal grand jury returned a two-count indictment against Petitioner, charging him with conspiracy to possess with intent to distribute and to distribute crack cocaine, and with possession with the intent to distribute crack cocaine. Petitioner entered a plea of not guilty at his arraignment on December 29, 2005. On October 5, 2006, Petitioner withdrew his plea of not guilty and entered a guilty plea pursuant to a plea agreement. At a sentencing hearing held on March 26, 2007, the Court sentenced Petitioner to 240 months imprisonment. This judgment was docketed on March 28, 2007, and Petitioner filed a notice of appeal on April 2, 2007. The Fourth Circuit Court of Appeals affirmed the district court and dismissed Petitioner's appeal on December 28, 2007, with the formal mandate being entered on January 22, 2008.

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

On August 20, 2012, Petitioner filed the instant Motion to Vacate [Doc. # 101], which he brought into proper form by an amended filing on October 29, 2012 [Doc. #107]. Petitioner asserts three claims for ineffective assistance of counsel, and explains that he is able to assert these claims pursuant to the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [Mot. to Vacate, Doc. # 107, at 4– 12.] Because it plainly appears that the Motion to Vacate is untimely, this Court did not require a response from the Government and this matter is ripe for review.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").[2]

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## Discussion

As discussed above, Petitioner appealed the judgment and sentence underlying the pending Motion to Vacate. The Fourth Circuit's dismissal of that appeal took effect when it entered its mandate on January 22, 2008, and Petitioner did not petition the U.S. Supreme Court for certiorari. Therefore, for purposes of the AEDPA statute of limitations, the judgment of conviction became final on April 28, 2008. *See* Sup. Ct. R. 13.1. Petitioner's initial, albeit improperly formatted, Motion to Vacate was filed on August 20, 2012, more than four years after his conviction became final, and

---

[2] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Petitioner does not argue that equitable tolling should apply to this case. This Court further notes that such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

well later than the one-year period of limitation imposed by the AEDPA. *See* 28 U.S.C. § 2255(f). As such, the Motion to Vacate is untimely on its face.

Because Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that facts supporting his claim were discovered within that time period, Petitioner's Motion to Vacate is untimely unless he can show the following: that on or after August 20, 2011, the right asserted by Petitioner was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f). Petitioner fails to make any such showing.

Petitioner argues that he is entitled to relief based upon the Fourth Circuit's holding in *Simmons*.[3] [Mot. to Vacate, Doc. # 107.] Petitioner is time-barred unless he filed his Motion to Vacate *within one year of the Supreme Court* newly recognizing the asserted right and making that retroactive to cases on collateral review. First, *Simmons* is not a U.S. Supreme Court decision. *See e.g.*, *Blakney v. United States*, No. 4:11–cv–70024–RBH, 2011 WL 1113468, at *2 (D.S.C. March 24, 2011) (stating "[m]ost notably, the [ ] case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period"). Second, *Simmons* was decided on August 17, 2011, more than a year before Petitioner filed his Motion to Vacate. Therefore, because *Simmons* is not a Supreme Court case, and because

---

[3] Petitioner somewhat vaguely references "the Department of Justice['s] recent in change in position." [Mot. to Vacate, Doc. # 101.] However, this Court is not aware of any change in position on the part of the Department of Justice here in South Carolina. In fact, in two relatively recent cases before this Court, the Government has reiterated its position that *Simmons* does not provide parties with retroactive relief. *See* Gov't Mot. To Dismiss, *Prince v. United States*, Cr. No. 4:09-343-RBH, Doc. # 67 (D.S.C. July 9, 2012); Gov't Mot. To Dismiss, *Williams v. United States*, Cr. No. 4:05-668-RBH, Doc. # 122 (D.S.C. August 14, 2012).

*Simmons* was decided more than a year prior to Petitioner filing his Motion to Vacate, Petitioner's Motion to Vacate is untimely on its face.[4]

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is timer-barred, without merit, and that no evidentiary hearing is needed. Based on the foregoing, it is **ORDERED** that Petitioner's Motion to Vacate is **DISMISSED**.

---

[4] In his Motion to Vacate, Petitioner also invokes *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). [Mot. to Vacate, Doc. # 107, at 25.] However, as has been previously discussed, Petitioner is time-barred unless his Motion to Vacate is filed *within a year* of a Supreme Court decision recognizing a new right and making that new right retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Even if this Court were to hold that *Carachuri-Rosendo* created a right made retroactive to habeas cases, *Carachuri-Rosendo* was decided on June 14, 2010. Thus, any Motion to Vacate invoking a retroactive right supposedly created by *Carachuri-Rosendo* must have been filed by June 15, 2011.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the

Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
November 30, 2012